IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marlene Lembright,                   :

    Plaintiff,                   :

  v.                                 :     Case No. 2:07-cv-0274
                                             JUDGE SARGUS
Michael D. Brogan, et al.,           :     MAGISTRATE JUDGE KEMP

    Defemdants.                  :

REPORT AND RECOMMENDATION

    Plaintiff, Marlene Lambright, has filed a complaint against Dr. Michael D. Brogan and against Dublin Road Endoscopy Center, alleging medical malpractice in connection with a colonoscopy which she underwent at that facility. She has also asked to be allowed to proceed *in forma pauperis*. For the following reasons, it will be recommended that this case be dismissed for lack of subject matter jurisdiction.

    When a plaintiff asks the Court to be allowed to proceed without payment of fees, the Court is required to look at the complaint to make sure that it either states a valid legal claim, or one which is within the jurisdiction of the Court. Congress set forth that requirement by statute in 28 U.S.C. §1915(e), and the courts are required to carry out that Congressional mandate. The Court has examined Ms. Lambright's complaint and finds that it does not state a claim that is within the jurisdiction of a federal court.

    Federal courts can hear only those kinds of cases that are described in Article III of the United States Constitution, and then only if Congress has granted particular federal courts the power to hear those cases. Article III of the Constitution does not allow federal courts to hear cases that involve, as

plaintiffs and defendants, citizens of the same state if the legal claim involved in the case arises under state law. Rather, a federal court can hear state law cases only if the parties are from different states. Consequently, the relevant jurisdictional statute, 28 U.S.C. §1332(a), states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ...*citizens of different states*...." (emphasis supplied). This statute gives the Court power to hear what are called "diversity" cases, meaning cases arising between citizens of different states. Without a specific grant of jurisdiction over such cases when the parties are not citizens of different states, the federal court simply cannot hear the case

Here, it appears from the complaint that both Ms. Lambright and the defendants are citizens of Ohio. Her claim is clearly a medical malpractice claim, which is a tort claim arising under Ohio, and not federal, law. This Court, as a federal court of limited jurisdiction rather that a court of general jurisdiction (such as the Ohio Courts of Common Pleas) simply does not have the ability to hear her case. In other words, diversity jurisdiction is lacking here. See, e.g., Gordon v. Higgs, 716 F.Supp. 1351, 1353 (D. Nev. 1989) (a federal court "has jurisdiction over a state medical malpractice tort claim, if at all, only if that claim ... is brought in a diversity case ..."). Because there is no jurisdiction, it is recommended that Ms. Lambright's motion for leave to proceed *in forma pauperis* be granted, but that this case be dismissed without prejudice for lack of jurisdiction and without any decision on the merits of her malpractice claims.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that

party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

   The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir.1981).


                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge